```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                    Case No. 2:00-cr-37-FTM-29DNF

LEON DONALDSON
_____

**OPINION AND ORDER**

This matter is before the Court on defendant Leon Donaldson's *pro se* Motion for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #129) and a supporting Memorandum (Doc. #130), both filed on March 10, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history. Defendant is eligible for a reduction of his term of imprisonment under Amendment 706, but Amendment 709 has not been made retroactive.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .

>     (2) in the case of a defendant who has been sentenced to
>     a term of imprisonment based on a sentencing range that
>     has subsequently been lowered by the Sentencing
>     Commission pursuant to 28 U.S.C. 994(o), upon motion of
>     the defendant or the Director of the Bureau of Prisons,
>     or on its own motion, the court may reduce the term of
>     imprisonment, after considering the factors set forth in
>     section 3553(a) to the extent that they are applicable,
>     if such a reduction is consistent with applicable policy
>     statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Donaldson satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the

court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. <u>Bravo</u>, 203 F.3d at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. <u>Bravo</u>, 203 F.3d at 781; <u>Vautier</u>, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, cmt. n.1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. <u>Vautier</u>, 144 F.3d at 760; <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997); <u>United States v. Vazquez</u>, 53 F.3d 1216, 122728 (11th Cir. 1995).

## II.

At the original sentence, the Court determined that defendant's Base Offense Level was 38, his Total Offense Level was 37, his Criminal History Category was VI, and the Sentencing Guidelines range was 360 months to life imprisonment. After considering the government's motion for a downward departure based on substantial assistance and a period of time for which defendant would not otherwise receive credit, defendant was sentenced to 168

months imprisonment.  The application of Amendment 706 results in a Base Offense Level of 36, a Total Offense Level of 35, a Criminal History Category of VI, and a Sentencing Guidelines range of 292 to 365 months imprisonment.  As a general rule, the court may not reduce defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range determined under U.S.S.G. § 1B1.10(a)(1).  U.S.S.G. § 1B1.10(b)(2)(A).  An exception to this rule exists where the original term of imprisonment was less than provided by the guideline range at the time of the sentencing.  In such a situation, a reduction comparably less than the amended guideline range may be appropriate.  U.S.S.G. § 1B1.10(b)(2)(B).  A comparable reduction in this case would be 136 months imprisonment.

The Probation Office reports that while imprisoned defendant has obtained his GED and has completed several self-improvement courses, and has one minor incident but has not had any public safety associated with disciplinary actions.  Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence of 136 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.

As to Amendment 709, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c).  <u>United</u>

5

States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and may not be utilized to reduce defendant's sentence. Id.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #129) is **GRANTED** as set forth below.

2. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 136 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed. This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of March, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Leon Donaldson
U.S. Probation
U.S. Marshal